

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMERICA BANK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 1331 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| MOHAMED SHARAF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Comerica Bank ("Comerica") sues 5412 Peoria, LLC, an Illinois limited liability company, d/b/a IHOP #5412 for breach of contract, and sues Mohamed Sharaf, Diana Sharaf, and Ali Sbeity (collectively "individual defendants") for breach of a guarantee. Comerica claims 5412 Peoria, LLC defaulted on the terms of two loans in violation of its contracts, and in violation of guarantees by the individual defendants. Comerica is a Michigan banking corporation with its principal place of business in Detroit, Michigan. Comerica's Texas division services the loans. 5412 Peoria, LLC is a franchisee of International House of Pancakes, Inc. located in Peoria, Illinois. The individual defendants are Texas residents. Sbeity moves to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Comerica moves to certify the rulings entering default judgments against Mohamed and Diana Sharaf and 5412 Peoria, LLC and to sever the remainder of the action. Comerica also requests that the court attach conditions to its transfer order.

### DISCUSSION

A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). To prevail on a motion to

1

transfer under § 1404(a), the moving party must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes,* 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), quoting *TruServ Corp. v. Neff,* 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). The parties do not dispute that venue is appropriate both here and in the Northern District of Texas. Therefore, the court considers the convenience of the parties and witnesses, as well as the interests of justice.

A.  **Transfer of Venue**

   1.  **Convenience of the Parties**

In determining the convenience of the parties and witnesses, the court considers: (1) plaintiffs' choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.,* No. 99 C 7526, 2000 WL 88847, at *3 (N.D. Ill. Jan. 20, 2000). Sbeity, as the moving party, bears the burden of showing that the Northern District of Texas is clearly more convenient than this district. *Source Services Corp. v. Technisource, Inc.,* No. 95 C 1420, 1995 WL 493499, at *2 (N.D. Ill. Aug. 9, 1995). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.,* No. 02 C 6899, 2002 WL 31844949, at *1 (N.D. Ill. Dec. 18, 2002). "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Id.*

Plaintiffs' choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiffs' home forum. *See Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.,* No. 99 C 3939, 2000 WL 263973, at *8 (N.D. Ill. Mar. 6, 2000). The Northern District of Illinois is not

Comerica's resident forum. Therefore, its choice of forum is not given great deference and is only one of many factors the court considers. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). Plaintiff's choice of forum is also given less weight where another forum bears a stronger relationship to the dispute. *Spank! Music and Sound Design, Inc. v. Hanke*, No. 04 C 6760, 2005 WL 300390, at *5 (N.D. Ill. Feb. 7, 2005). Texas bears a stronger relationship to this dispute. The individual defendants reside in Texas. Comerica's division responsible for servicing the loan is also located in Texas. The only party in Illinois is 5412 Peoria, LLC. In addition, when Comerica brought this action in the Northern District of Illinois, it believed the individual defendants resided in Peoria, Illinois. Now that Comerica is aware the individual defendants are located in Texas, it does not object to Texas as the proper venue. Comerica Resp. at p. 2. Comerica's original choice of forum does not weigh in favor of transfer.

The second factor does not favor either venue because material events occurred in both Illinois and Texas. When 5412 Peoria, LLC applied for the loans, all defendants resided in Illinois. As a result, the defendants' actions in applying for and obtaining the loans took place in Illinois. However, Comerica's actions in approving and servicing the loan took place in Texas. The site of material events is neutral.

The relative ease of access to sources of proof slightly favors transfer. The Comerica division that services the loans at issue is located in Texas. Therefore, the relevant loan documents maintained by Comerica are most likely located in Texas. The individual defendants reside in Texas and presumably maintain their own records there. Comerica perfected its lien on the assets of 5412 Peoria, LLC in Peoria County, Illinois, and those records are located in Illinois. Compl. at ¶ 22, Ex. N. All documents necessary to present both sides of the case can easily be transported to either

3

venue. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Accordingly, this factor carries little weight.

Witness convenience is the most important factor in determining whether transfer is appropriate. *Confederation Des Brasseries de Belgiquie*, 2000 WL 88847, at *3. With respect to witness convenience, the court looks to the nature and quality of the witnesses' testimony, not just the number of witnesses in each venue. *Id.* The court must consider whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing witnesses. *Id.*

Sbeity submits evidence establishing that Texas is a more convenient forum for his witnesses than Illinois. He intends to seek testimony from Comerica's employees and officers who reside in Texas, including loan officers with responsibilities for loan review, credit approval and loan loss reserve determination. Comerica offers no evidence with respect to witnesses it intends to call. Based on this record, witness convenience weighs in favor of transfer to Texas.

The court also considers the convenience of the parties in its § 1404(a) determination. Specifically, the parties' respective residences and their ability to bear the costs of litigating in a particular forum are considered. *Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *7 (N.D. Ill. Feb. 14, 2000). The parties fail to offer evidence regarding their inability to litigate in Illinois. Although Comerica is a Michigan corporation with its principal place of business in Detroit, it maintains a Texas office. The individual defendants also reside in Texas. Party convenience favors transfer.

2. **Interests of Justice**

The court must consider whether transfer is in the interests of justice. This analysis focuses on the efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins.*

4

*Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). Among the factors considered are the speed cases proceed to trial and the public interest in having a case resolved in a particular forum. *See Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, at *8 (N.D. Ill. Aug. 11, 2000). Both districts are equally capable of resolving breach of contract litigation. Sbeity submits evidence showing a higher number of cases pending in the Northern District of Illinois than the Northern District of Texas. He further notes that the Northern District of Illinois has 337 civil cases over three years old, in contrast to the Northern District of Texas, having only 29 civil cases over three years old. Based on this record, transfer is in the interests of justice.

**B.     Request to Sever Action**

Although Comerica does not object to the motion to transfer venue, it requests that the court certify its ruling entering default judgments against Mohamed and Diana Sharaf and 5412 Peoria, LLC under Fed. R. Civ. P. 54(b), and to sever the remaining issues only under Fed. R. Civ. P. 21.

**1.     Request to Certify Pursuant to Rule 54(b)**

In conjunction with its motion to sever, Comerica requests that the court certify its default judgments against Mohamed and Diana Sharaf and 5412 Peoria, LLC pursuant to Fed. R. Civ. P. 54(b). *See* 7/26/2005 Order, Dkt. No. 22. The default judgment is not a final decision qualifying for immediate appeal under 28 U.S.C. § 1292, unless this court expressly determines that there is no just reason for delay and enters judgment under Fed. R. Civ. P. 54(b). Normally, a court defers review of a partial judgment in order to avoid piecemeal litigation and economize judicial resources. Fed. R. Civ. P. 54(b) advisory committee's note. If review is deferred, it is less likely that an appellate court will face overlapping issues and circumstances, on more than one occasion from the same case. *Hill v. Henderson*, 195 F.3d 671 (D.C. Cir. 1999). However, if the court determines that

there is no reason to delay, Rule 54(b) provides the court "an escape hatch," enabling it to make a partial disposition in a case a final judgment. *See Justice v. Pendleton Place Apartments*, 40 F.3d 139, 142 (6th Cir. 1994).

In *Hill*, plaintiffs requested review of a dismissal of defendants by the D.C. Circuit Court after the case was transferred to the Northern District of Illinois. 195 F.3d at 672. In order to obtain appellate review by the D. C. Circuit, plaintiffs requested that the D.C. Circuit treat the dismissal as a final judgment under Rule 54(b). *Id.* The D.C. Circuit found that treating the dismissal as a final judgment under Rule 54(b), instead of sending it along with the rest of the case to the Northern District of Illinois, was contrary to the strong policy against piecemeal appeals and therefore dismissed the appeal. *Id.* at 672-73. For the same reasons, this court declines to fragment the case by certifying the default judgments under Rule 54(b). To do so would result in the potential review of claims from the same lawsuit by two different appellate courts, a clear waste of judicial resources.

### 2. Request to Sever Action Pursuant to Rule 21

"It is within the district court's broad discretion whether to sever a claim under Rule 21 [of the Federal Rules of Civil Procedure]." *United States v. Huda, et al.*, 205 F.R.D. 225, 228 (S.D. Ill. 2005). Severance may be granted when the claims do not arise out of the same transaction or occurrence or do not present common questions of fact or law. *Id.* at 228; *Kapetanovic v. Stephen J. Cannell Productions, Inc.*, No. 97 C 2224, 1999 WL 39541, at *2 (N.D. Ill. Jan. 21, 1999). Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants. *United States v. Huda, et al.*, 205 F.R.D. 225, 228 (S.D. Ill. 2005) (citing *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985). Severance and transfer are appropriate only if the defendant over whom

the court retains jurisdiction is "indirectly connected to the main claims." *Indianapolis Motor Speedway Corp. v. Polaris Industries, Inc.*, No. IP 99-C 1190, 2000 WL 777874, at *2 (S.D. Ind. April 28, 2000) (citing *Corry v. CFM Majestic, Inc.* 16 F. Supp. 2d 660, 664 (E.D. Va. 1998)). Severance and transfer are not appropriate where the court retains jurisdiction over a party central to the dispute. *Id.* (awarding severance in patent case).

Comerica has alleged that it entered into two loans with 5412 Peoria, LLC. Compl. ¶ 8. The first loan was secured by a security agreement executed by Mohamed Sharaf and was guaranteed by Mohamed and Diana Sharaf. Compl. ¶¶ 9, 11. Through an agreement with 5412 Peoria, LLC, Mohamed and Diana Sharaf, and Comerica, Sbeity assumed payment for the loan, the security agreement and the guarantees. Compl. ¶¶ 13, 14. Sbiety also executed a guarantee and a security agreement with Comerica for the second loan. Compl. ¶¶ 17, 19.

Comerica's claims arise from a single set of circumstances presenting common questions of fact and law. *See Huda*, 205 F.R.D. at 228. Mohamed and Diana Sharaf and 5412 Peoria LLC are not indirectly connected to the main claims of this case. Instead, they are parties to the same agreements as Sbeity and face the same claims with respect to the same transactions. They are directly involved in each fact of this case giving rise to Comerica's claims. Compl. ¶¶ 9-13. Mohamed and Diana Sharaf and 5412 Peoria, LLC are essential to the resolution of this lawsuit. Comerica's request for severance must be denied.

Comerica argues that under *Chrysler Credit Corp. v. Country Chrysler Inc., et al.*, it remains unclear whether the Fifth Circuit Court of Appeals would have jurisdiction to review this court's rulings prior to transfer. Thus, Comerica contends, the court should sever its prior default judgments from the remainder of the action. Whether an appeals court has jurisdiction over a transferor district

court's decisions is an open question. *Compare Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) (appellate court lacks jurisdiction to directly review judgments of transferor court); *with Astarte Shipping Co. v. Allied Steel & Export Serv.*, 767 F.2d 86, 87 (5th Cir. 1985) (appellate court has jurisdiction over appeal of order entered by transferor court); *Hill*, 195 F.3d at 677 (reviewability of pre-transfer orders shifts to the transferee circuit); *Jones v. Infocure Corp.* 310 F.3d 529, 533-34 (7th Cir. 2002) (transferee court has jurisdiction over orders that do not qualify for immediate appeal at time of decision). Relying on *Chrysler Credit Corp.*, a Tenth Circuit case, Comerica argues a transferee circuit court may not directly review decisions of the transferor court. Comerica fails, however, to cite *Astarte Shipping Co. v. Allied Steel & Export Serv.*, the law of the transferee circuit. 767 F.2d 86, 87 (5th Cir. 1985).

C.   **Conditions to Transfer**

Although Comerica does not object to the motion to transfer venue, it requests that the court attach unilateral conditions to a transfer: that Sbeity (1) waive arguments with respect to service of process, (2) consent to the jurisdiction of the transferee court, (3) waive defenses that could not be raised in the transferor court, and (4) pay for the cost of witnesses who will need to travel to Texas and any increased attorney's fees caused by the transfer. It is a well-established principle that when an action is transferred, the transferor court loses all jurisdiction over the case, including the power to review the transfer. *Jones v. Infocure Corp.* 310 F.3d 529, 533 (7th Cir. 2002). Therefore, a transferor court may not attach conditions regarding potential issues to the transfer.

8

## CONCLUSION

For the foregoing reasons, Sbeity's motion to transfer venue is granted. Comerica's request to certify the default judgments is denied. Comerica's requests to sever the action and attach conditions to the transfer are also denied.

September 27, 2005                    ENTER:

                                                                                    *[signature]*
                                                                                    Suzanne B. Conlon
                                                                                   United States District Judge